NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 27 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>VANESSA LYNN RODRIGUEZ,<br><br>Defendant-Appellant. | No.  16-10165<br><br>D.C. No. 4:09-cr-02720-RCC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Raner C. Collins, Chief Judge, Presiding

Submitted October 23, 2017[**]

Before:    LEAVY, WATFORD, and FRIEDLAND, Circuit Judges.

Vanessa Lynn Rodriguez appeals from the district court's judgment and

challenges the sentence of 12 months and 163 days imposed upon revocation of

probation.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Rodriguez contends that the sentence is substantively unreasonable because

the district court ordered it to run consecutively to her state sentence.  The district

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The sentence is substantively reasonable in light of the 18 U.S.C. § 3583(e) sentencing factors and the totality of the circumstances. *See Gall*, 552 U.S. at 51; *see also* U.S.S.G. § 5G1.3(d) (court may impose sentence to run consecutively to undischarged term of imprisonment "to achieve a reasonable punishment for the instant offense").

Moreover, contrary to Rodriguez's contention, the district court did not violate *Tapia v. United States*, 564 U.S. 319 (2011). The record reflects that, while the district court urged Rodriguez to use her time in prison wisely, it did not impose or lengthen the sentence to promote Rodriguez's rehabilitation. *See id.* at 334 (federal court does not run afoul of 18 U.S.C. § 3582(a) by "discussing the opportunities for rehabilitation within prison"). The court's remarks about the state parole system were directed to the issue of whether federal supervision after Rodriguez's release was warranted, which does not implicate *Tapia*. *See United States v. Grant*, 664 F.3d 276, 280 (9th Cir. 2011).

**AFFIRMED.**